IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America ) | CR/A No. 4:03-cr-00474-DCC-21 |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| Dannie Murphy. ) | |
| ) | |
| _____ ) | |

This matter comes before the Court on Defendant's Pro-Se Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act and the counseled supplemental Motion to Reduce Sentence Under First Step Act of 2018. ECF Nos. 1958, 1975. The Government filed a response in opposition. ECF No. 1986. The United States Probation Office filed an Amended Sentence Reduction Report indicating that although Defendant Murphy is technically eligible for relief, no relief is available pursuant to the statute. ECF No. 1985. For the reasons that follow, the Court agrees that the application of the First Step Act to Mr. Murphy's sentence results in no reduction.

## **BACKGROUND**

Defendant Murphy pled guilty on November 20, 2003, to Conspiracy to Possess with Intent to Distribute 50 Grams or More of Cocaine Base and 5 Kilograms or More of Cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846, and 851. ECF No. 617. Pursuant to 21 U.S.C. § 851, the Government filed an information based on Mr. Murphy's prior criminal conviction for Possession of Cocaine with Intent to Distribute, which doubled the mandatory minimum term of incarceration to 20 years and the term of supervised release to 10 years. ECF No. 1985-1 at 5. On February 25, 2004, Mr. Murphy was

sentenced to 240 months of imprisonment and 10 years of supervised release.  ECF No. 670.

Mr. Murphy filed the instant First Step Act motion on February 3, 2020.  ECF No. 1958.  Counsel was appointed on the same day.  ECF No. 1959.  Mr. Murphy filed a supplemental counseled Motion to Reduce Sentence on June 12, 2020, to which the Government timely responded in opposition.  ECF Nos. 1975, 1986.  While this briefing was being filed, Mr. Murphy was released from custody on July 3, 2020, and as of the date of this Order continues to serve his 10-year term of supervised release.  ECF No. 1985 at 1.

## APPLICABLE LAW

Defendant Murphy moves for relief pursuant to § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018), which gave retroactive application to certain provisions of the Fair Sentencing Act of 2010.  "Congress enacted the Fair Sentencing Act of 2010 . . . in response to extensive criticism about the disparity in sentences between crack cocaine offenses and powder cocaine offenses." *United States v. Black*, 737 F.3d 280, 282 (4th Cir. 2013) (citing *Dorsey v. United States*, 567 U.S. 260, 268–69 (2012)).  Accordingly, the Fair Sentencing Act increased the drug amounts necessary to trigger the mandatory minimums for crack cocaine ("cocaine base") offenses but left the mandatory minimums for powder cocaine offenses unchanged.  *Dorsey*, 567 U.S. at 269.  These changes, however, were not initially retroactive.  To address the remaining disparities among earlier-sentenced defendants, Congress enacted § 404 of the First Step Act of 2018, which allows district courts to apply the amended provisions retroactively to defendants sentenced before August 3, 2010.  *United States v. Gravatt*,

953 F.3d 258, 260 (4th Cir. 2020) (citing *United States v. Charles*, 932 F.3d 153, 162 (4th Cir. 2019)).

There are several requirements to obtain relief under § 404 of the First Step Act, all of which derive from the Act itself. *See United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020) (explaining that First Step Act motions fall under 18 U.S.C. § 3582(c)(1)(B), which "authorizes courts to 'modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute'" and imposes no additional restrictions). First, the defendant must meet the "threshold requirement" of demonstrating that he is eligible for relief, i.e., that he was convicted of a "covered offense." *United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019). Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." First Step Act § 404(a), 132 Stat. at 5222.

Second, the court must determine whether any of the First Step Act's express limitations preclude relief. Even if a defendant is otherwise eligible, the First Step Act provides that "[n]o court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." *Gravatt*, 953 F.3d at 260 (quoting First Step Act § 404(c), 132 Stat. at 5222).

Finally, if the defendant is eligible for relief and not disqualified by the express limitations of Section 404(c), the district court must proceed to review the motion on the

merits and "may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *Gravatt*, 953 F.3d at 260 (quoting First Step Act § 404(b), 132 Stat. at 5222). The decision whether to award relief is ultimately within the court's discretion, however, as the statute provides explicitly that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act 132 § 404(c), 132 Stat. at 5222.

## ANALYSIS

### *Eligibility*

The Court turns first to the threshold question of Mr. Murphy's eligibility for relief, which is easily resolved. While the parties disagree about the relief available to Mr. Murphy, they are in agreement with respect to his eligibility to move for such relief. *See* ECF No. 1986 at 2. Mr. Murphy was convicted for a conspiracy involving drug quantities of 50 grams or more of cocaine base and 5 kilograms or more of cocaine. ECF No. 617. Although the Fair Sentencing Act had no effect on the penalties related to cocaine, it altered the quantities triggering a mandatory minimum sentence for cocaine base. Specifically, the amount of cocaine base required to trigger a mandatory minimum of 10 years was raised from 50 grams to 280 grams. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010); 21 U.S.C. § 841(b)(1)(A)(iii). Because the statutory penalties for at least one portion of Mr. Murphy's offense were modified by section 2 or 3 of the Fair Sentencing Act, it qualifies as a "covered offense" and he is eligible to move for relief. *See Gravatt*, 953 F.3d at 264 (finding that defendant was convicted of a "covered offense" where "he was charged conjunctively with conspiring to distribute both

4

powder cocaine and crack cocaine," although only the penalties for crack cocaine were altered by the First Step Act).

Finally, because Mr. Murphy has made no previous motion under § 404 of the First Step Act and received no sentence reduction pursuant to section 2 or 3 or the Fair Sentencing Act, the enumerated exclusions of § 404(c) do not apply.

*Available Relief*

Having settled the question of eligibility, the Court must consider whether to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act § 404(b), 132 Stat. at 5222.

Although Mr. Murphy is technically eligible for relief, the application of sections 2 and 3 of the Fair Sentencing Act of 2010 result in no change to his mandatory minimum sentence. Mr. Murphy was convicted for conspiracy in connection with both 50 grams or more of cocaine base *and* 5 kilograms or more of cocaine. ECF Nos. 670 at 1, 1 at 2. Sections 2 and 3 of the Fair Sentencing Act, as discussed above, made no alteration to the quantities of cocaine needed to trigger the mandatory minimum penalties of 21 U.S.C. § 841(b)(1). *See* Fair Sentencing Act § 2, 124 Stat. at 2372. Therefore, imposing a sentence as if sections 2 and 3 of the Fair Sentencing Act were in effect at the time of Mr. Murphy's offense results in an identical term of imprisonment to the one originally mandated and an identical term of supervised release. *See* 21 U.S.C. § 841(b)(1)(A)(ii) (imposing mandatory minimum of 10 years' incarceration and 5 years of supervised release for violations involving 5 kilograms or more of cocaine). Nothing in sections 2 and 3 of the Fair Sentencing Act, moreover, alters or removes Mr. Murphy's § 851

enhancement for a prior drug felony, which doubled the mandatory minimum to the sentence actually imposed: 20 years of prison and 10 years of supervised release.[1]

Faced with defendants who are technically eligible for relief but whose mandatory minimum sentences are independently supported by powder cocaine violations, courts in this circuit have declined to award relief. *See*, *e.g.*, *United States v. Hurdle*, 2020 WL 4370153, at *4 (W.D. Va. Jul. 30, 2020) ("Because the 120-month mandatory minimum sentence on the powder cocaine charge and the mandatory consecutive sentence on the firearm are unchanged, the court cannot modify Hurdle's sentence.") (citations omitted); *United States v. Applewhite*, 2020 WL 2575564, at *2 (E.D.N.C. May 21, 2020) (finding, where the defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute at least 50 grams of cocaine base and 5 kilograms or more of cocaine, that "although the defendant technically is eligible for relief, the court lacks authority to reduce defendant's sentence on count one below 120 months' imprisonment."); *United States v. Manning*, 2020 WL 2949786, at *2 (W.D. Va. June 3, 2020) ("Manning remains subject to a mandatory minimum of supervised release of 'at least five years' for conspiring to distribute 5 kilograms or more of cocaine powder. Consequently, the court is not authorized to reduce Manning's 5-year term of supervised release."). The undersigned finds their reasoning persuasive and well-supported by Fourth Circuit precedent. *See Gravatt*, 953 F.3d at 264 n.5 ("Of course, statutory mandatory minimum terms remain in effect for certain drug offenses. Even if a defendant's sentence involves a covered

---

[1] Subsequent statutory provisions, not found in the Fair Sentencing Act of 2010, have altered the prior drug felony enhancement provision of 21 U.S.C. § 841(b)(1)(A). These are discussed below.

6

offense, the district court's review of a defendant's First Step Act motion cannot avoid those statutory requirements.").

There is, however, an additional consideration.  If Mr. Murphy were newly sentenced today, his mandatory minimum sentence would almost certainly be reduced due to subsequent changes to the prior drug felony enhancement provision.  Under the amended statutory scheme, a defendant's mandatory minimum is increased from 10 years in custody and 5 years of supervised release only if the defendant was previously convicted of a "serious drug felony," defined as one for which, inter alia, "the offender served a term of imprisonment of more than 12 months."[2]  First Step Act § 401(a)(2)(A), 132 Stat. at 5220 (emphasis added); 21 U.S.C. § 841(b)(1)(A); 21 U.S.C. § 802(57).  In addition, the "serious drug felony" enhancement now results in a mandatory minimum custodial term of 15, rather than 20, years.[3]  *Id*.

---

[2] On a cursory review, Mr. Murphy's prior drug felony for Possession of Cocaine with Intent to Distribute does not appear to meet these criteria because Mr. Murphy was sentenced only to 7 years suspended and 5 years' probation.  *See* ECF No. 1985-1 at 9.  Therefore, Mr. Murphy did not "serve[] a term of imprisonment of more than 12 months," 21 U.S.C. § 802(57), and would not be subject to the enhancement.  *United States v. Henderson*, 399 F. Supp. 3d 648, 656 (W.D. La. 2019) (noting that the defendant's predicate offense would not qualify as a "serious drug felony" where he was sentenced to five years' imprisonment, all of which was suspended).

[3] The Court notes, however, that the shortened mandatory minimum prison term of 15 years is functionally irrelevant to Mr. Murphy's case because Mr. Murphy has been released from custody.  Even if the amended version of 21 U.S.C. § 841(b)(1)(A) were applied retroactively, a reduction in Mr. Murphy's term of imprisonment could not be used to offset his term of supervised release.  *See United States v. Johnson*, 529 U.S. 53, 59 (2000) ("The objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release.").  Nor would this Court permit Mr. Murphy to "bank" excess prison time for future use by reducing his sentence to less than time served.  *See United States v. Jackson*, 952 F.3d 492, 501 (4th Cir. 2020) (concluding "that the district court did not abuse its discretion in considering Jackson's ability to bank time when reducing his sentence" by declining to reduce Jackson's sentence to less than time served).

Although these changes are found in § 401 of the First Step Act, rather than sections 2 and 3 of the Fair Sentencing Act, there is no question that "any Guidelines error *deemed retroactive* . . . must be corrected in a First Step Act resentencing." *Chambers*, 956 F.3d at 668 (emphasis added). In *Chambers*, the relevant Guidelines error in calculating the defendant's career-offender status "was an error even at the time of initial sentencing." *Id*. at 674. This was contrasted, however, with Fifth Circuit case *Hegwood*, in which "the intervening Fifth Circuit case law that would have removed Hegwood's career-offender enhancement has not been declared retroactive." *Id*. at 672–73 (citing *United States v. Hegwood*, 934 F.3d 414 (5th Cir. 2019), *cert denied*, 140 S. Ct. 285 (2019)). In Mr. Murphy's case, as in *Hegwood*, there is no reason to believe that the prior drug felony enhancement constituted error at the time of his sentencing. Section 401 "makes its amendments to § 841(b)(1)(A) applicable only under certain circumstances." *United States v. Bethea*, __ F. App'x __, 2021 WL 219201, at *3 (4th Cir. 2021). Specifically:

> This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, *if a sentence for the offense has not been imposed* as of such date of enactment.

First Step Act § 401(c), 132 Stat. at 5221 (emphasis added). It does not appear, therefore, that § 401 has been given retroactive application, and so the holding of *Chambers* does not clearly mandate the application of the amended § 841(b)(1)(A) to Mr. Murphy's sentence.

In fact, *Chambers* does not explicitly resolve the question of "whether, based on section 404, the Court may engage in a plenary resentencing, consider statutory changes since the original sentencing, and apply the new requirement of a 'serious drug felony' so

8

as to eliminate the 20-year mandatory minimum sentence under § 851." *United States v. Fletcher*, 2020 WL 2490025, at *2 (D. Md. May 14, 2020) (finding it unnecessary to decide the issue). But the undersigned is persuaded by the numerous district court cases finding that the non-retroactive amendments of § 401 should not be applied in a First Step Act resentencing. As explained by another court in this District:

> Defendant argues his sentence should be reduced because he is serving a mandatory minimum 240-month sentence, and the mandatory minimum sentence for his conviction of a violation of § 841(b)(1)(A) has been reduced to 15 years by the First Step Act. However, that portion of the First Step Act, Section 401, was not made retroactive to prior convictions. It only applies to defendants who have not yet been sentenced.

*United States v. Knight*, CR/A No. 3:08-cr-726-03-CMC, 2019 WL 3423524, at *1 (D.S.C. Jul. 30, 2019) (internal citations omitted). Courts in other districts have reached the same result. *See*, *e.g.*, *United States v. Montgomery*, 2020 WL 736219, at *3 (E.D. Mich. Feb. 13, 2020) (declining to further reduce defendant's sentence on a First Step Act § 404 motion because "the [First Step Act's] new definition for 'serious drug felony' does not apply retroactively to defendant"); *United States v. Henderson*, 399 F. Supp. 3d 648, 656 (W.D. La. 2019) (finding that although the defendant, if sentenced today, would not be subject to the enhancement for a "prior conviction for a felony drug offense," the original enhancement still applied because "that provision of the First Step Act was not made retroactive).[4] In this Court's view, to find otherwise—absent intervening authority from

---

[4] Conversely, at least two courts within this circuit have granted motions for *compassionate release*, pursuant to 18 U.S.C. § 3582(c)(1)(A), based on § 401's amendments to the prior felony conviction enhancement provisions. *See United States v. Williams*, 2020 WL 5834673, at *8 (W.D. Va. Sept. 30, 2020) (finding that the changes made by the First Step Act constituted an "extraordinary and compelling" reason to reduce the defendant's sentence); *United States v. Day*, 474 F. Supp.3d 790, 806–07 (E.D. Va. 2020) (same). Mr. Murphy has not moved for compassionate release on this basis and

the Fourth Circuit—would be to give retroactive application to a statute where none was apparently intended.[5]  Without any question, "a sentence for the offense" was imposed on Mr. Murphy as of the date of the First Step's enactment.  See First Step Act § 401(c), 132 Stat. at 5221.  In consequence § 401(c), by its plain terms, does not apply.

Because the application of sections 2 and 3 of the Fair Sentencing Act does not alter Mr. Murphy's mandatory minimum sentence, and because the Court finds that § 401 cannot be retroactively applied to eliminate his prior drug felony enhancement, no relief is available pursuant to the First Step Act of 2018.  Accordingly, Mr. Murphy's First Step Act motion is denied.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act [1958] is **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

February 9, 2021
Spartanburg, South Carolina

---

the undersigned expresses no opinion as to its applicability.  Although Mr. Murphy raises his advanced age and susceptibility to the COVID-19 virus as factors for consideration under 18 U.S.C. § 3553(a), he does not do so by independent motion for compassionate release.  See ECF No. 1975 at 7.  In light of his release from custody, these arguments would in any event be unavailing.

[5] This consideration seems particularly cogent where, as here, the modifications made by § 401 of the First Step Act would be the *only* modifications to Mr. Murphy's sentence.  No provision of § 404 has any effect on Mr. Murphy's mandatory minimum sentence *unless* § 404 is construed as effecting the retroactive application of § 401.  Presumably, such a construction of § 404 would also enable the retroactive application of any subsequent statutory amendment to all eligible defendants convicted of crack offenses prior to August 3, 2010.  In the absence of compelling evidence to the contrary, the undersigned is not persuaded that Congress intended such a broad and far-reaching result.