IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America ) | CR/A No. 4:03-cr-00474-DCC-21 |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| Dannie Murphy ) | |
| ) | |
| _____ ) | |

This matter is before the Court on Defendant Dannie Murphy's Pro Se Motion for Early Termination of Supervised Release as set forth in Defendant's January 26, 2022, letter to the Court. ECF No. 2006. On February 24, 2004, after pleading guilty to conspiracy to possess with the intent to distribute 50 grams of more of cocaine base and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 851 (enhanced penalty), Mr. Murphy was sentenced to 240 months of imprisonment followed by ten years of supervised release with special conditions including substance abuse testing and treatment. ECF Nos. 618, 660, 670. Mr. Murphy's term of supervised release began on July 3, 2020, and he avers that he has been compliant in all aspects and suffers from several serious health conditions. ECF No. 2006. Accordingly, after having spent approximately 18 months on supervised release, Mr. Murphy seeks to have the remainder of his ten-year term of supervision terminated. *Id.*

After being directed by this Court to provide a status report and recommendation regarding Mr. Murphy's request, the United States Probation Office confirmed that he has been fully compliant thus far and technically meets the criteria for early termination of supervised release after 18 months. ECF No. 2016. However, the United States Probation Office opposes termination at this time because Mr. Murphy has not yet

completed even half of his term of supervised release. *Id.* Likewise, after being directed to respond, the United States Attorney's Office also opposes early termination at this time because Mr. Murphy "has not yet completed a sufficient portion of his term of supervision to adequately assess whether early termination is warranted." ECF No. 2019 at 1.

Pursuant to 18 U.S.C. § 3583(e)(1) and Federal Rule of Criminal Procedure 32.1, this Court may after consideration of the relevant factors in 18 U.S.C. § 3553(a), terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervised release if the Court is satisfied that the action is warranted by the defendant's conduct and the interest of justice. Further, the Guide to Judiciary Policy, Volume 8E, § 360.20(c) states that after 18 months of supervised release, there is a presumption in favor of recommending early termination for persons who meet the following criteria: (1) the person does not meet the criteria of a career drug offender or career criminal as set forth in 28 U.S.C. § 944(h) or has not committed a sex offense or engaged in terrorism; (2) the person presents no identified risk of harm to the public or victims; (3) the person is free from any reported violations over a 12 month period; (4) the person demonstrates the ability to lawfully self-manage beyond the period of supervision; (5) the person is in substantial compliance with all conditions of supervision; and (6) the person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision. Based upon the response filed by the United States Probation Office, it is acknowledged that Mr. Murphy "is eligible for early termination and fits the criteria according to the Guide for Judiciary Policy." ECF No. 2016 at 2.

Nevertheless, after careful consideration of the applicable factors set forth in 18 U.S.C. § 3553(a), this Court finds that early termination of Mr. Murphy's supervised release at this point in time would not be in the interest of justice. Accordingly, Mr. Murphy's Motion is hereby denied. However, the Court takes due notice of Mr. Murphy's compliance and positive life changes thus far while on supervised release, and he is to be commended for his conduct. If Mr. Murphy's commendable conduct continues, and considering his documented health issues, the Court would entertain a request for early termination of his supervision at any point following his successful completion of at least 30 percent (three years) of his term of supervised release.

For the reasons set forth above, Defendant Dannie Murphy's Pro Se Motion for Early Termination of Supervised Release [2006] is **DENIED** without prejudice. Mr. Murphy is free to file a renewed motion once the conditions discussed above have been satisfied.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 14, 2022
Spartanburg, South Carolina